**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YOLANDA TOOLIE, individually and on behalf of all others similarly situated, known and unknown,<br><br>    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>    Defendant. | <br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff Yolanda Toolie, individually and on behalf of all others similarly situated, known and unknown (the "putative class"), and by and through her attorneys, Caffarelli & Associates Ltd., complains against Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant") as follows:

### NATURE OF ACTION

1. This is a national disability discrimination action for damages caused by Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA"), and specifically by for Defendant's policy of refusing to permit employees to return to work with medical restrictions, in violation of the ADA. Plaintiff also brings an individual claim on behalf of herself, individually, for Defendant's violation of the ADA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 12117(a).

3.	With respect to the named Plaintiff, the unlawful employment practices described herein were committed within the State of Illinois, at Defendant's store located in River Forest, Cook County, Illinois. Venue in the Northern District of Illinois, Eastern Division is proper pursuant to 28 U.S.C. § 1391(b).

4.	On July 18, 2012, Toolie filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against Whole Foods, Charge No. 440-2012-04516, alleging discrimination and failure to accommodate in violation of the ADA. Exhibit ("Ex.") A, July 18, 2012 Charge of Discrimination.

5.	The EEOC investigated Toolie's Charge on a class basis, and notified Whole Foods of such. After concluding its investigation of Plaintiff's Charge the EEOC issued a Determination which stated, in part:

> …[T]he evidence obtained in the investigation establishes reasonable cause to believe that Respondent [Whole Foods] has discriminated against a nationwide class of individuals from at least 2010 to the present based on their disabilities, including the Charging Party [Toolie], by failing to provide reasonable accommodations to the class, disciplining the class and discharging the class pursuant to Respondent's nationwide policies, procedures, and practices of not allowing job restructuring as a reasonable accommodation; not allowing reassignment to a vacant position as a reasonable accommodation; not allowing intermittent leave as a reasonable accommodation; and/or not allowing leave or an extension of leave as a reasonable accommodation, all in violation of the ADA.

Ex. B, Aug. 4, 2015 Determination.

6.	After the EEOC issued its Determination, the parties engaged in conciliation for approximately one year. On information and belief, the parties' conciliation has been exhausted and has failed.

7.	Approximately one year after the EEOC issued its Determination, Toolie received her Notice of Right to Sue with respect to her Charge. This Complaint at Law is being filed within 90 days of receipt of the Notice of Right to Sue. Ex. C, Dismissal and Notice of Rights.

## PARTIES

8. Toolie was employed by Defendant from in or around June 2010 until in or around July 2012.

9. During her employment, Toolie worked first as a Dishwasher and later as a Deli Clerk.

10. Toolie resides in Chicago, Illinois, in this judicial district.

11. Toolie brings this action on behalf of a putative class of similarly situated individuals, and specifically all current or former employees of Whole Foods who requested reasonable accommodations and who were denied such accommodations as a result of Whole Foods' policy of requiring a full release from employees in order to permit them to work, and who consequently were not permitted to work, were terminated, or ceased employment, resulting in lost income.

12. Toolie and the putative class are "employees" of Defendant within the meaning of the ADA.

13. Whole Foods is an "employer" within the meaning of the ADA, and employs over 500 employees in Illinois and nationwide.

14. Whole Foods is a Delaware corporation authorized to do business in Illinois and nationwide. It employed Toolie at its River Forest location in Cook County, Illinois.

15. Whole Foods' corporate headquarters is located at 550 Bowie Street in Austin, Texas, 78703.

## FACTUAL ALLEGATIONS

16. Toolie began working for Whole Foods in or around June 2010.

17. Throughout her employment, Toolie performed her job satisfactorily.

18. In or around June 2011, Toolie underwent a spinal fusion procedure.

19. In August 2011, Toolie's doctor released her to return to work with the restriction that she could not lift more than ten (10) pounds. At that time, the restriction was to remain in place for a minimum of two to three weeks, until Toolie's doctor could reexamine her at her next appointment.

20. In or around August 2011, Toolie attempted to return to work consistent with her doctor's restriction. Defendant informed her that it would not permit her to return to work unless or until she was fully released by her doctor, i.e., with no restrictions.

21. Defendant did not discuss with Toolie the possibility of providing her with any reasonable accommodations that would have permitted her to return to work while abiding by her physician-imposed restriction.

22. Toolie was able to perform the essential functions of her job, with or without an accommodation, from August 2011 through December 2011.

23. In or around December 2011, Toolie's doctor released her to return to work without restrictions. Only at that time did Defendant allow her to return to work.

24. As a result of Defendant's refusal to provide Toolie with any reasonable accommodation in August 2011, Toolie was needlessly forced to remain on unpaid medical leave from that time through December 2011.

25. From at least September 2011 through the present, Defendant did not engage in any interactive process with employees who required reasonable workplace accommodations in an effort to accommodate their physical restrictions.

26. Instead, from at least September 2011 through the present, Defendant maintained and enforced a policy whereby employees were uniformly not permitted to return to work for

4

Defendant unless and until they obtained a full release to return to work, i.e., a release that contained absolutely no restrictions on their ability to perform their job.

27. In or around May 2012, Toolie required surgery to repair a tendon in her bicep and shoulder.

28. Defendant allowed Toolie to take six (6) weeks of unpaid medical leave in connection with her May surgery.

29. After the six (6) weeks elapsed, Defendant informed Toolie that she was required to apply for leave pursuant to the Family and Medical Leave Act, 26 U.S.C. 2601, *et seq.*, ("FMLA") if she needed any additional time off.

30. At that time, Toolie's doctor had not released her to return to work.

31. Toolie submitted an application for FMLA leave to Defendant on or around June 26, 2012.

32. Defendant denied Toolie's FMLA application on the grounds that Toolie had not worked 1,250 hours during the preceding twelve (12) months, and therefore was not eligible for FMLA leave.

33. On June 28, 2012, two days after it denied Toolie's FMLA application, Defendant terminated Toolie's employment.

34. As a direct result of Defendant's refusal to return Toolie to work with restrictions from August 2011 through December 2011, Plaintiff did not qualify for job-protected leave pursuant to the FMLA.

35. As a direct result of Defendant's denial of Plaintiff's FMLA leave, she was terminated.

5

## CLASS ALLEGATIONS

36. Toolie brings this case as a class action pursuant to Federal Rule of Civil Procedure 23 as a member of and on behalf of the following class (the "Plaintiff Class"):

> All individuals who (1) worked for Whole Foods; (2) during the period beginning September 12, 2011 and continuing through the present; (3) required and requested a reasonable workplace accommodation; (4) were denied such accommodation based upon Whole Foods' policy requiring employees to be released to work without restrictions; and (5) suffered economic damages as a result of said denial.

37. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the Plaintiff Class includes, at a minimum, several hundred individuals nationwide.

38. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that the Defendant's policies had a disparate impact on employees requiring reasonable workplace accommodations; that the Defendant's discriminatory policies and practices cannot be justified by business necessity; and that Class members lost pay because they could not work, were terminated, or otherwise had to cease employment due to Whole Foods' policy of denying them workplace accommodations and instead requiring full releases to work. In short, Toolie's claims are identical to the claims of the Class members.

39. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the Plaintiff Class members have suffered the same type of economic damages as a result of Defendant's practices and policies.

40. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff's counsel is competent and experienced in litigating large class actions.

41. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

42. This action may be also certified as a class pursuant to Federal Rule of Civil Procedure 23(c)(4) because the Class issues apply to all putative class members and to all Whole Foods locations nationwide. Thus, Toolie alternatively seeks to maintain this action as a class action pursuant to Rule 23(c)(4).

**COUNT I**
**FAILURE TO ACCOMMODATE**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(National Class Action)**

43. Toolie restates and incorporates each of the preceding paragraphs as though fully set forth herein.

44. Toolie was at all relevant times a qualified individual with a disability pursuant to the ADA.

45. When Whole Foods refused to allow Toolie to return to work with restrictions in August 2011, it unlawfully failed to accommodate Toolie's disability in violation of the ADA.

46. Throughout the time period between September 2011 and the present, reasonable job accommodations were available and Defendant could have provided the same to individuals with work related restrictions who requested compliance with restrictions affecting their ability to perform their jobs.

47. The application of Defendant's policy to require full releases in order for employees to work resulted in its employees being denied reasonable accommodations, to their economic detriment, because Whole Foods flatly refused to entertain any requests for accommodations.

48. Whole Foods' policy of refusing to entertain requests for reasonable workplace accommodations could not be justified by business necessity.

49. Whole Foods' policy of refusing to entertain requests for reasonable workplace accommodations have had an adverse impact on Toolie and the members of the putative class with respect to their opportunities for workplace accommodations that would allow them to continue working and earning income while subject to restrictions regarding the performance of their jobs, resulting in an economic loss.

50. Defendant has failed to accommodate Toolie and all members of the Plaintiff Class in violation of the ADA.

51. As a direct and proximate result thereof, Toolie and the members of the Class have suffered and continue to suffer irreparable injury, including lost wages, lost back pay and front pay, lost bonuses, lost interest, and attorneys' fees and costs. Plaintiff and the members of the putative class are entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under the ADA.

52. As a further direct and proximate result of Defendant's unlawful conduct, Toolie and the members of the putative class have suffered and continue to suffer, among other items, impairment to their name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. Plaintiff and the members of the putative class are entitled to recover for such injuries from Whole Foods under the ADA.

53. Defendant's actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Yolanda Toolie respectfully requests that this Court enter judgment in her favor and against Whole Foods Market Group, Inc., and enter an order as follows:

a. Certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23;

b. Appointing Yolanda Toolie as a Class Representative and her counsel as Class Counsel;

c. Declaring that the acts set forth herein constitute unlawful discrimination in violation of the Americans with Disabilities Act;

d. Awarding Toolie and the Plaintiff Class back pay for lost wages and other benefits;

e. Awarding Toolie and the Plaintiff Class front pay and compensation for future lost earnings;

f. Awarding Toolie and the Plaintiff Class compensatory and punitive damages for each of Defendant's violations of the ADA in amounts to be determined at trial;

g. Awarding Toolie and the Plaintiff Class their reasonable attorneys' fees and costs as provided by 42 U.S.C. § 12205; and

h. Awarding Toolie and the Plaintiff Class such further and additional relief, including equitable relief, as the Court may deem just and proper.

## COUNT II
## DISABILITY DISCRIMINATION
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (Individual Action)

54. Toolie restates and incorporates each of the preceding paragraphs as though fully set forth herein.

55. The acts described in the factual allegations above constitute unlawful discrimination in violation of the ADA.

56. As a direct and proximate result of Whole Foods' discrimination against her, Toolie has suffered and continues to suffer irreparable injury, including loss of income and other benefits, emotional distress, costs, and expenses.

57. Toolie was at all relevant times a qualified individual with a disability pursuant to the ADA.

58. When Whole Foods refused to return Toolie to work with restrictions, thereby requiring her to take months of medical leave that she did not require, it discriminated against Toolie on the basis of her disabilities, in violation of the ADA.

59. Whole Foods' termination of Toolie was a direct result of its refusal to provide her with a reasonable accommodation, in violation of the ADA, from August through December 2011.

60. As a direct and proximate result thereof, Toolie has suffered and continues to suffer irreparable injury, including loss of income and other benefits, emotional distress, costs, and expenses.

61. Whole Foods' actions in this regard were willful, wanton, and outrageous, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Yolanda Toolie respectfully requests that this Court enter judgment in her favor and against Whole Foods Market Group, Inc., and enter an order as follows:

a. Declaring that the acts set forth herein constitute discrimination in violation of the ADA;

b. Awarding Toolie back pay for her lost wages and other benefits;

c. Awarding Toolie front pay and compensation for future lost earnings;

d. Awarding Toolie compensatory and punitive damages for each of Defendant's violations of the ADA in amounts to be determined at trial;

e. Awarding Toolie her reasonable attorneys' fees and costs as provided by 42 U.S.C. § 12205; and

f. Awarding Toolie such further and additional relief, including equitable relief, as the Court may deem just and proper.

Dated: October 27, 2016                          Respectfully submitted,

Alejandro Caffarelli                             YOLANDA TOOLIE
Madeline K. Engel
Caffarelli & Associates Ltd.
224 South Michigan Ave, Suite 300                By: /s/ *Alejandro Caffarelli*
Chicago, Illinois 60604                                 Attorney for Plaintiff
Tel. (312) 763-6880


**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.


By: /s/ *Alejandro Caffarelli*
      Attorney for Plaintiff