IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA TOOLIE, individually and on behalf of all others similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-CV-10113 Judge Charles R. Norgle, Sr. Magistrate Judge Maria Valdez |
| v. | ) ) | |
| WHOLE FOODS MARKET GROUP, INC., | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Whole Foods Market Group, Inc. ("WFM"), by and through its attorneys, Greenberg Traurig, LLP, submits the following Memorandum of Law In Support of its Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) ("Motion").

### I.      INTRODUCTION

In her Complaint (Dkt. No. 1), Plaintiff Yolanda Toolie ("Plaintiff" or "Ms. Toolie") alleges that WFM discriminated against her in violation of the Americans with Disabilities Act ("ADA"). Plaintiff purports to bring this action on her own behalf, and on behalf of a broad class of allegedly similarly situated employees. The Complaint fails to state a cause of action on which relief can be granted for several reasons.

As to Count II alleging disability discrimination, Plaintiff fails adequately to allege a single prong of the required elements to state a *prima facie* case. First, she fails to allege that she is a qualified individual because the Complaint never alleges that she could perform the essential functions of her job with or without an accommodation. Second, Plaintiff fails to allege that she was disabled under the ADA at the time of her termination. Finally, Plaintiff fails to allege the

necessary nexus between her termination and her disability, leaving an open question in the Complaint as to whether she was terminated because of her alleged disability (one that she never defines) or because of her multiple extended leaves of absences within a short period of time.

Plaintiff's Count I, alleging failure to reasonably accommodate, fares no better. The Complaint does not allege that Plaintiff was a qualified individual, nor describes what accommodation(s) would have permitted her to perform the essential functions of her job. To be sure, the Complaint makes clear that WFM did accommodate Ms. Toolie by granting her multiple leaves of absence. What more Ms. Toolie wanted cannot be gleaned from the Complaint, and this is fatal to her claim.

Plaintiff's failure to meet her individual pleading burden also spotlights an issue not yet before the Court: her mistaken effort to style this case as a class action. If Ms. Toolie actually could put forward properly pled fact based allegations minimally stating a claim, the allegations relating to alleged disability discrimination would be specific to Ms. Toolie, showing why, as the Third Circuit concluded in *Hohider v. UPS*, such claims are not appropriate for class treatment. 574 F.3d 169 (3d Cir. 2009). Indeed, only an individualized inquiry based on adequate allegations could resolve if any particular person is a qualified individual and/or suffers from a disability, and that inquiry cannot proceed without the facts Ms. Toolie's Complaint does not supply.

Thus, if the Court grants this Motion, it also must dispose of the class allegations since the putative class members would lack a class representative.

## II.      RELEVANT ALLEGATIONS FROM MS. TOOLIE'S COMPLAINT

WFM employed Ms. Toolie from June 2010 to July 2012. Compl. ¶ 8. Ms. Toolie first held the position of dishwasher, and later deli clerk. *Id.* ¶ 9. On or around June 2011, Ms. Toolie underwent a spinal fusion procedure. *Id.* ¶ 18. In August 2011, Ms. Toolie's physician released

2

her to return to work with a ten-pound lifting restriction that was to remain in place for a minimum of two to three weeks, until Ms. Toolie's physician could reexamine her at her next appointment. *Id.* ¶ 19.  In August 2011, Ms. Toolie alleges she attempted to return to work consistent with her physician's restriction.  *Id.* ¶ 20.  Plaintiff further alleges that WFM informed Ms. Toolie that she could not return to work unless or until she was fully released by her physician with no restrictions. *Id.*  The Complaint goes on to assert WFM did not discuss with Ms. Toolie the possibility of providing her with a reasonable accommodation that would have permitted her to return to work with this physician-imposed restriction.  *Id.* at 21.  In December 2011, Ms. Toolie's physician released her to return to work without restrictions, and Ms. Toolie returned to work.  *Id.* ¶ 23.

Ms. Toolie does not allege if she was reexamined by her physician or why it took six months to have her physician remove a restriction that was meant to last two to three weeks.  Nor does Ms. Toolie allege whether she requested a different accommodation, or whether any accommodation would have permitted her to perform the essential functions of her job.  Indeed, she does not allege what these essential functions were, what her disability was, or how it allegedly interfered with a major life activity.

In May 2012, Ms. Toolie had surgery to repair a tendon in her bicep and shoulder.  *Id.* ¶ 27. WFM accommodated Ms. Toolie by permitting her to take a six-week leave of absence in connection with this surgery.  *Id.* ¶ 28.  After the six weeks elapsed, WFM informed Ms. Toolie that she was required to apply for leave pursuant to the Family and Medical Leave Act ("FMLA") if she needed any additional time off.  *Id.* ¶ 29.  Ms. Toolie submitted an application for FMLA leave to WFM on or about June 26, 2012.  *Id.* ¶ 31.  WFM denied Ms. Toolie's FMLA application on the ground that Ms. Toolie had not worked 1,250 hours during the preceding 12 months, and was not eligible for FMLA leave.  *Id.* ¶ 32.  On June 28, 2012, Defendant terminated Ms. Toolie's employment.  *Id.* ¶ 33.

*AUS 536597724v15*

Ms. Toolie does not allege that she could have returned to work after her second surgery with an accommodation. Her physician had not released her to return to work. *Id.* ¶¶ 30-33. Ms. Toolie does not allege that she was terminated because she was disabled, but rather alleges she was terminated because she was not eligible for FMLA leave. *Id.* ¶ 35. Nor does Ms. Toolie allege that non-disabled employees were treated more favorably than she. *Id.* ¶¶ 8-35.

On July 18, 2012, Ms. Toolie filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and failure to accommodate in violation of the ADA. *Id.* ¶ 4. The EEOC investigated the charge, and issued a cause finding (the "Finding"). *Id.* ¶ 5. The Finding does not provide any factual determinations related to Ms. Toolie's individual allegations, including her purported disability, what the essential functions of her job were, her ability to perform the essential functions of her job with our without an accommodation, her termination, or what other accommodation was available or would have been satisfactory to her. *Id.* Exhibit B.

## III.   LEGAL ARGUMENT

### A.   Legal Standard.

WFM's motion is brought under Rule 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) *quoting Bell Atlantic Co. v. Twombly*, 127 S. Ct 1955, 1974 (2007). A complaint must allege sufficient facts to support the basic elements of a cause of action. Pleading standards for the ADA are higher than for some other discrimination statutes such as Title VII of the Civil Rights Act of 1964. *See EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1013-14 (N.D. Ill. 2009).

*AUS 536597724v15*

A claim should be dismissed where, accepting all well-pleaded factual allegations, the complaint nevertheless fails to "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Although a court must accept as true all well-pleaded facts when deciding a motion to dismiss, legal conclusions are not entitled to the same presumption of truth. See *Iqbal*, 128 S. Ct. at 1949. Thus, to state a cause of action upon which relief may be granted, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1950. A plaintiff is not allowed to "unlock the door of discovery … armed with nothing more than conclusions." *Id*. Furthermore, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 1947. Rule 8(a)(2), requires that a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Concentra*, 496 F.3d at 779.

**B.     Ms. Toolie Fails to State a Claim for Disability Discrimination.**

Count II of the Complaint alleges disability discrimination in violation of the ADA. To plead an ADA disability discrimination claim, Ms. Toolie must allege facts sufficient to show (1) she had a physical or mental impairment that substantially limited one or more major life activities; (2) she was qualified to perform the essential functions of her job either with or without a reasonable accommodation; and (3) WFM took an adverse job action against Ms. Toolie because of her disability. *Jackson v. City of Chicago,* 414 F.3d 806, 810 (7th Cir. 2005).

> **1. Ms. Toolie Does Not Adequately Plead That She Could Perform the Essential Functions of Her Job.**

To survive a motion to dismiss, a complaint must include "some allegation or allegations specifically indicating that the plaintiff is qualified to perform the essential functions of the job

AUS 536597724v15

with or without an accommodation." *Supervalu*, 674 F. Supp. 2d at 1012. These allegations must be specific, non-conclusory, and non-formulaic. *Id.* at 1013. *See also Abdul-Aziz v. Show Dep't, Inc.*, Case No. 09-cv-7609, 2010 U.S. Dist. LEXIS 89867, *3 (N.D. Ill. 2010) (granting a 12(b)(6) motion where the plaintiff did not allege he could perform his job as a dock worker after his injury, or that a reasonable accommodation was available to help him perform that job). Ms. Toolie's Complaint does not satisfy these requirements.

Ms. Toolie makes conclusory allegations that she "was able to perform the essential function of her job, with or without an accommodation, from August 2011 through December 2011," without specifying a single fact to support her claim. Compl. ¶ 22. While she alleges "Defendant did not discuss with Ms. Toolie the possibility of providing her with any reasonable accommodations that would have permitted her to return to work while abiding by her physician-imposed restriction," nowhere does Ms. Toolie allege what the essential functions of her job were, what her restrictions were, or what accommodation (other than the leave accommodation that WFM gave to her) would have satisfied her and enabled her to perform the essential functions of her job. *Id.* ¶ 21.

Plaintiff's Complaint also fails adequately to state a claim because she admits in her Complaint that her condition prohibited her from reliably reporting to work. Compl. ¶ 30. Regular attendance is an essential job requirement, and employers are not required to accommodate unreliable attendance. *See Basden v. Prof'l Transp., Inc.* 714 F.3d 1034, 1037 (7th Cir. 2013) ("A plaintiff whose disability prevents her from coming to work regularly cannot perform the essential functions of her job, and thus cannot be a qualified individual for ADA purposes.").

Ms. Toolie alleges in her Complaint that she had a spinal fusion procedure in June 2011. Compl. ¶ 18. Ms. Toolie alleges she was "on unpaid medical leave … through December 2011." *Id.* ¶ 24. The Complaint further alleges that in May 2012, "Toolie required surgery to repair a

6

tendon in her bicep and shoulder." *Id.* ¶ 27. Thereafter, according to the Complaint, WFM "allowed Toolie to take six (6) weeks of unpaid medical leave in connection with her May surgery." *Id.* ¶ 28.

Based on her own allegations, Ms. Toolie's attendance between June 2011 and June 2012 was, at best, sporadic, and, at worst, abysmal. The allegations in the Complaint relating to Ms. Toolie's poor attendance are similar to those in *Basden, supra,* in which summary judgment was affirmed in defendant's favor. 714 F.3d at 1037. Ms. Toolie alleges that she could not maintain regular attendance. Compl. ¶ 30. At the time of Ms. Toolie's termination, she was not able to work at all, because "Toolie's doctor had not released her to return to work." *Id*. ¶ 30. Ms. Toolie's own allegations confirm that she could not reliably report to work, meaning she could not perform the essential functions of her job and, therefore, was not covered by the ADA.

Just two months ago, a judge in this District granted a motion to dismiss in a case with facts similar to those alleged by Ms. Toolie. *See Lee v. Chicago Transit Auth.,* Case No. 12-cv-09180, 2016 U.S. Dist. LEXIS 156967 (N.D. Ill 2016). In that case, the plaintiff alleged that he became ill and took disability leave. *Id.* at *3. Thereafter, his employer terminated him because he had exhausted his FMLA benefits. *Id.* at *4. Nine months later, the defendant employer reinstated plaintiff. *Id.* One year after that, however, plaintiff again experienced medical issues. *Id.* at *5. Plaintiff requested another accommodation. *Id.* The employer terminated plaintiff again because he had exhausted his FMLA leave. *Id.* at *5-*6. Plaintiff alleged in his complaint that his employer failed to engage in an interactive process and maintained an "inflexible sick/disability policy and attendance disciplinary policy ... in violation of the ADA." *Id.* at *6-*7.

The court granted defendant's motion to dismiss, finding the plaintiff had failed to adequately plead that he was qualified to perform the essential functions of his job with or without an accommodation because he failed "to allege what his job duties were, which duties he could

7

perform, and which duties he could not perform due to his health issues." *Id.* at \*12. The court noted that the only accommodation referenced by plaintiff was additional leave. *Id.* at \*13. Under *Lee*, dismissal of Ms. Toolie's Complaint is warranted.

### 2. Ms. Toolie Does Not Adequately Plead That She Was Disabled.

Just as Ms. Toolie fails to plead that she could perform the essential functions of her job, she also fails to specify her disability. In determining if a plaintiff is disabled under the ADA, a court must "conduct a three-step inquiry. The court must determine whether the plaintiff's condition constitutes an impairment under the ADA; whether the activity upon which the plaintiff relies constitutes a major life activity; and whether the impairment substantially limited the performance of the major life activity." *E.E.O.C. v. Sears Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

A plaintiff pleading ADA claims must allege a specific impairment. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). A generic statement that a plaintiff is a qualified individual with a disability fails to meet pleading standards. *Knox v. Rhodes*, Case No. 08-cv-277, 2010 U.S. Dist. LEXIS 34269, \*9 (S.D. Ill. 2010). The ADA Amendments Act ("ADAAA") was adopted to address certain impairments that were not receiving protection previously, such as cancer, HIV-AIDS, and amputated limbs, "not minor, transitory impairments, except if of such a severe nature that one could not avoid considering them disabilities." *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012). Nonetheless, under the ADAAA "a plaintiff is still required to plead a substantially limiting impairment." *Id.* Even after passage of the ADAAA, "[c]ourts generally find that short-term, temporary restrictions, with little or no long-term impact, are not substantially limiting and do not render a person disabled for purposes of the ADA." *Freelain v. Village of Oak Park*, Case No. 13-c-3682, 2014 U.S. Dist. LEXIS 5268, \*22

8

(N.D. Ill. Jan. 15, 2014) *quoting Serednyj v. Beverly Healthcare, LLC,* 656 F.3d 540, 554 (7th Cir. 2011).

Although working is a major life activity, a plaintiff attempting to demonstrate a significant limitation on the ability to work must show that he or she has "a limitation that significantly restricts her ability to perform a class of jobs or a broad range of jobs in various classes." *Kurowski v. Shinseki,* 557 Fed. Appx. 549, 553 (7th Cir. 2014) *quoting Weiler v. Household Fin. Corp.,* 101 F.3d 519, 525 (7th Cir. 1996). It is not sufficient for a plaintiff to allege she cannot perform the one job she had prior to the alleged adverse employment action. *See id.*

In *Brodzik v. Contrs. Steel, Inc.*, the court granted a motion to dismiss because a post-surgical, six-week recovery period, during which a plaintiff could not work, but had no other physical or mental restrictions, did not substantially limit a major life activity. 48 F. Supp. 3d 1183, 1189 (N.D. Ind. 2014). Likewise, in *Koller*, the court granted a motion to dismiss, finding that a post-surgical, two-week recovery period, with subsequent physical therapy sessions, did not substantially limit a major life activity. 850 F. Supp. 2d at 513-14.

Ms. Toolie claims to be disabled on the basis of two incidents: a "spinal fusion procedure" in June 2011 which caused "a restriction that she could not lift more than ten (10) pounds" that was to "remain in place for a minimum of two to three weeks" and a tendon surgery in her bicep and shoulder for which WFM "allowed Toolie to take six (6) weeks of unpaid medical leave". Compl. ¶¶ 18-19, 27-28. At the time of her termination, Ms. Toolie only alleged that she was unable to work as a deli clerk, failing to identify any other major life activity that was impacted by her condition. *Id.* ¶¶ 27-28 (Ms. Toolie was granted a six-week medical leave from work after her second surgery); *Id.* ¶ 30 (thereafter Ms. Toolie was not released to return to work). The Complaint alleges solely that Ms. Toolie was restricted from doing one job—not a broad range or class of jobs as would be necessary to establish a disability under the ADAAA. *See Kurowski*, 557

9

Fed. Appx. at 553. Having failed to allege a disability, Count II of Ms. Toolie's Complaint must be dismissed.

Moreover, Count II also fails because a two to three-week lifting restriction is not substantially limiting, and is the type of transitory and minor ailment not intended to be covered under the ADA. *See Koller*, 850 F. Supp. 2d at 513. Ms. Toolie's "six (6) weeks of unpaid medical leave in connection with her May surgery" is analogous to the leave found not to substantially limit the plaintiff in *Brodzik*. Compl. ¶ 28; 48 F. Supp. 3d at 1189.

For these reasons, Ms. Toolie has not adequately pled that she is disabled under the ADA.

### 3. Ms. Toolie Does Not Adequately Plead That She Suffered an Adverse Employment Action <u>Because</u> She Was Disabled.

To survive this Motion, Ms. Toolie must plead that she suffered an adverse employment action <u>because</u> of her impairment. *Abdul-Aziz,* 2010 U.S. Dist. LEXIS at *3; *Edwards v. Ill. Dep't of Fin. & Prof'l Regulation*, No. 12-c-00371, 2014 U.S. Dist. LEXIS 40725, *14 (N.D. Ill. 2014). In the recent *Lee* decision*,* the court held that the plaintiff's failure to allege "any facts to support the inference that he was terminated not because of his extended leave of absence," but because of his disability, was fatal to his claim. 2016 U.S. Dist. LEXIS 156967 at *15. Also fatal was plaintiff's failure to allege that "similarly-situated employees received more favorable treatment or that [defendant's] proffered reason for his termination ... exhaustion of FMLA leave—was pretext for intentional discrimination." *Id.*

Like these plaintiffs, Ms. Toolie here fails to plead that she was terminated <u>because</u> she was disabled. In fact, Ms. Toolie expressly alleges that she was terminated because she was not eligible for FMLA leave, not because she was disabled. In her Complaint, Ms. Toolie states "[a]s <u>a direct result</u> of Defendant's denial of Plaintiff's FMLA leave, she was terminated." Compl. ¶ 35 (emphasis added).

Ms. Toolie also alleges that her physician had not released her to return to work (therefore, she could not work), at the time of her termination. *Id.* ¶¶ 30-33. Akin to *Lee*, Ms. Toolie does not allege that she was terminated because of her disability, as opposed to her numerous extended leaves of absence. 2016 U.S. Dist. LEXIS 156967 at *15. Likewise, Ms. Toolie does not allege that similarly-situated, non-disabled employees who were unable to report to work for seven months during a one-year period were treated more favorably. Nor does Ms. Toolie allege that the stated reasons for her termination were pretextual. *Id.*

**C.      Ms. Toolie Fails to Adequately Plead Her Reasonable Accommodation Claim.**

Count I of the Complaint, alleging failure to provide a reasonable accommodation in violation of the ADA, also fails to state a claim upon which relief can be granted.[1] To establish a *prima facie* failure to accommodate claim, Ms. Toolie must allege (1) she was a qualified individual with a disability; (2) WFM was aware of her disability; and (3) WFM failed to reasonably accommodate her disability. *EEOC v. Autozone, Inc.,* 803 F.3d 916, 919 (7th Cir. 2016). As discussed in Sections (III)(B)(1) and (III)(B)(2) *supra*, Ms. Toolie has failed to adequately plead that she is a qualified individual with a disability because she has not alleged she could perform the essential functions of her job with or without a reasonable accommodation. *Hall v Janet Wattles Ctr.,* No. 94 C 50239, 1995 WL 254411, *3 (N.D. Ill. April 14, 1995) (citing 42 U.S.C. § 12111(8)) (a qualified person with a disability is defined as an individual who with or without an accommodation can perform the essential functions of the job)).

Ms. Toolie also fails to plead adequately her failure to accommodate claim because she does not state what reasonable accommodation would have permitted her to perform the essential functions of her job. *See Shea v. Winnebago Cty. Sheriff's Office,* No. 12-cv-50201, 2014 WL

---

[1]    The Complaint is unclear as to whether Count I is intended to apply only to Ms. Toolie or to the larger putative class. Count I is titled "FAILURE TO ACCOMMODATE IN VIOLATON OF THE AMERICANS WITH DISABILITIES ACT (National Class Action)," but several of the allegations in that section pertain specifically and exclusively to Ms. Toolie. WFM moves with respect to Ms. Toolie individually and the putative class.

*AUS 536597724v15*

4449605, *17 (N.D. Ill. Sept. 10, 2014) (granting a motion to dismiss because the plaintiff failed "to identify the specific accommodation requested."); *Torres v. Am. Auto. Parts,* No. 07-c-3702, 2008 WL 2622835, *2 (N.D. Ill. 2008) (granting a motion to dismiss because the plaintiff failed to allege "that she proposed an accommodation of her disability which is reasonable in the sense of both efficaciousness and proportionality of costs."). This principle was also applied in *Lee*, where plaintiff failed to allege what accommodations could have allowed him to perform the essential functions of his job and did not appear to be seeking any accommodation other than leave. 2016 U.S. Dist. LEXIS at *16-*17.

Ms. Toolie merely states that "[d]efendant did not discuss with Toolie the possibility of providing her with a reasonable accommodation that would have permitted her to return to work while abiding by her physician-imposed restriction." Compl. ¶ 21. Like the aforementioned cases in which this Court dismissed plaintiffs' claims, Ms. Toolie's Complaint is silent as to what accommodation, if any, could have allowed her to perform her duties as a deli clerk despite her restrictions. For these reasons, Count I should be dismissed.[2]

**D.      Ms. Toolie's "National Class Action" Claims Must be Dismissed.**

Because Ms. Toolie's individual claims should be dismissed, so too should her "national class action" claims. An uninjured plaintiff cannot bring suit on behalf of an injured class. *See O'Shea v. Littleton,* 94 S. Ct. 669, 673 (1974) ("If none of the named plaintiffs purporting to represent a class meets the case or controversy requirement, none may seek relief on behalf of himself or any other member of the class."). Absent a class representative, the class claims cannot proceed.

---

[2]      In the Seventh Circuit, failure to engage in an interactive process does not create an independent basis for liability under the ADA, and Toolie must still plead that a reasonable accommodation would have allowed her to perform the essential functions her job. *See Lee,* 2016 U.S. Dist. LEXIS, at *16-*17; *Basden,* 714 F.3d at 1038. *See also Hohider*, 574 F.3d at 193-96.

*AUS 536597724v15*

Although the issue is not now before the Court given the defects in the Complaint, *Hohider's, supra,* teaching on class allegations underscores why the law requires individualized fact based allegations establishing the elements of an individual claim, for an ADA complaint to stand. 574 F.3d. The plaintiffs in *Hohider* sought to certify a class of employees alleging discrimination under the ADA. *Id.* at 172.

The Third Circuit held that class certification was not appropriate under Rule 23 because certification "would require determining whether class members are 'qualified' under the ADA, an assessment that encompasses inquiries … to be too individualized and divergent with respect to this class to warrant certification." *Hohider,* 574 F.3d at 186. Among the reasons that the individualized nature of the "qualified individual" prong made class treatment "unsuitable" was the fact that "[t]he class, as defined, contains no unifying or limiting criteria—with respect to employment positions held or desired, for instance, or conditions suffered, or accommodation sought—that potentially would permit class-wide evaluation of whether each member of the class is 'qualified' and thus can perform the essential functions of a given job with or without a reasonable accommodation." *Id.* at 189. It is precisely the focus on individualized inquiry which not only underscores *Hohider* but drives the requirements Ms. Toolie does not fulfill: fact based allegations establishing her own claim.

## IV.    CONCLUSION

Ms. Toolie fails to adequately plead any of the elements of an ADA claim or to support her claims with sufficient particularity to survive WFM's motion. For the reasons set forth above, the Court should dismiss Ms. Toolie's Complaint.

13

Date: January 20, 2017

Respectfully submitted,

Whole Foods Market Group, Inc.


By:    /s/  Tiffany S. Fordyce
        One of Its Attorneys

Tiffany S. Fordyce (N.D. Ill. No. 235063)
fordycet@gtlaw.com
Elan Shpigel (N.D. Ill. No. 6321514)
shpigele@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Drive
Chicago, IL 60601
Tele:  (312) 456-8400

Jonathan L. Sulds (admitted *pro hac vice*)
suldsj@gtlaw.com
Eric Sigda (admitted *pro hac vice*)
sigdae@gtlaw.com
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tele: (212) 801-9200

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on January 20, 2017, she caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT to be filed with the Court by electronic filing protocols, and the same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/    Tiffany S. Fordyce

*AUS 536597724v15*